STATE OF IOWA, appellee, v. WILLIE BELL, also known as FREEMAN JARMAN, JR., appellant.

No. 51942.

(Reported in 140 N.W.2d 375)

FEBRUARY 8, 1966.

H. M. Coggeshall, of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, Ray Fenton, County Attorney, and Jim McKeon, Assistant County Attorney, both of Des Moines, for appellee.

MASON, J.—Defendant was charged by indictment with larceny in the nighttime of property of the value of more than $20, contrary to section 709.4, Code, 1962. Counsel was appointed for him at his request, and a plea of not guilty entered. Trial to jury in Polk County resulted in a verdict of guilty. Motion for new trial was overruled and defendant was sentenced to imprisonment in the state penitentiary in Fort Madison for not to exceed ten years.

Defendant appeals, contending the trial court erred in refusing his requested instruction bearing on the motives of an accomplice or coconspirator in testifying and in overruling defendant's motion for a new trial based on such ground.

We quote the requested instruction:

"The motives of an accomplice or coconspirator in testifying, and the circumstances under which his testimony was given, should be considered in determining how much weight and credibility his testimony should be given.

"And in determining the weight and consideration of the testimony of an accomplice or coconspirator, you must consider whether there has been any promise to him or indication of favorable treatment for him or actual benefit conferred, promised or indicated by the circumstances of the case."

John Wallner, owner of the Qwik-Save Laundromat in Des Moines, testified to being present at the laundromat about 11:30 p.m. on March 16, 1965, at which time the coin changers in the laundry were not disturbed and had to contain money before being jimmied up. In response to a call he returned to the laundromat at 7:30 a.m. on March 17 and found the coin changers pried off. He identified State's exhibit "F" as a cover to his coin changer and stated he had the key for this particular cover.

Police officers Herman Hansen and Daniel A. Gibson testified to checking a parked car about 3:35 a.m. on March 17 and found defendant and Franklin Einfeldt in it. Officer Gibson saw

a coin changer cover lying on the back floor of the car. They placed defendant and Einfeldt under arrest and found two crowbars and a grasp bar sticking out from under the front seat. Hansen also testified to removing $28.75 from defendant's right-hand pocket.

Detective James P. Thompson testified Einfeldt in defendant's presence admitted to witness he was one of two persons who entered the laundromat and took the changer and money.

Einfeldt testified that on the night in question he and defendant entered the laundromat, used crowbars and other tools to remove the coin changers from the coin stand. He and defendant each took some of the coins which were on their persons when the police arrested them and the tools found in the car were those used in the breakin.

On cross-examination Einfeldt testified that when first arrested by the officers he denied having anything to do with this crime. After talking to detective Paul Thomas for a half hour to 45 minutes on March 17, he changed his story after being told he would get ten to fifteen years for possession of burglar tools if he did not admit to this crime; if he admitted it, he would not be brought to trial. At the time of trial he had not been indicted for possession of burglar tools. He continued to deny his guilt after reaching the police station. Einfeldt further testified that the officers told him they were not going to press charges against him if he told the truth. At the time of testifying he had not gone to trial for the larceny in the laundromat.

On redirect examination Einfeldt testified no one had made any promises or threats to get him to testify, that he was on parole from Eldora for larceny of an automobile and presently confined in the Polk County jail on two counts of larceny and carrying a concealed weapon, a straightedge razor.

He further testified on recross-examination there was a promise no charges would be filed against him.

Defendant did not testify at the trial.

I. Section 782.5, Code, 1962, provides:

"Corroboration of accomplice. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with

the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The trial court instructed that Einfeldt was an accomplice. We set forth instruction 12 in full:

"An accomplice is one who is joined or united with another; one of several concerned in the commission of a felony; an associate in crime; one who cooperates, aids or assists in committing it.

"It is provided by a statute of this State that a conviction cannot be had upon the testimony of one or more accomplices unless corroborated by other evidence which tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

"You are instructed that the witness, Franklin Michael Einfeldt, under the testimony is an accomplice, and you cannot convict the defendant upon the testimony of said person unless it can be corroborated by other evidence which tends to connect the defendant with the commission of the crime in the manner and to the extent stated in the statute above quoted and in this instruction.

"It is not necessary that said accomplice be corroborated in every material fact to which he testifies, for if you are satisfied that he spoke the truth in some material part of his testimony and you find his testimony as to such material parts confirmed by other credible evidence, such confirmation may be grounds for you to believe that he spoke the truth as to other material facts as to which there may be no confirmation.

"The jury must determine whether said accomplice has been sufficiently corroborated by other evidence which tends to connect the defendant with the commission of the crime charged, and if he has been so corroborated the jury may consider his testimony the same as that of any other witness; but if he has not been so corroborated the jury will not consider the testimony of said accomplice.

"On the question of the corroboration of said accomplice you have a right to consider all facts and circumstances, if any,

disclosed by the evidence which tend to connect the defendant with the commission of said alleged crime charged in the indictment herein.".

II. In addition to the above instruction, the trial court gave instruction 14 which, with the exception of one paragraph, is identical with the Iowa Uniform Jury Instructions 1.5 prepared by the Iowa State Bar Association. In it the jury was advised they were the sole judges of the weight of the evidence and the credibility of the witnesses and detailed facts for their consideration in passing upon the credibility of the witnesses.

This instruction along with instruction 12, supra, properly protected the rights of defendant and it was not error to refuse his requested instruction.

III. We have read the authorities cited by defendant in support of his contention. In our opinion they are not applicable here. A conviction in a federal court may be based upon uncorroborated testimony of an accomplice. Cyclopedia of Federal Procedure, Third Ed., section 47.171; Quiles v. United States, 9 Cir. (1965), 344 F.2d 490, 494. Such cautionary instruction as requested by defendant may be desirable or perhaps necessary in that court.

IV. The record reveals defendant's counsel was afforded ample opportunity to cross-examine Einfeldt as to his motive in testifying and this was proper. A defendant in a criminal case is entitled to cross-examine the State's witnesses to test their credibility and the accuracy of their knowledge of the subject matter. Clearly the motives, bias and prejudices of witnesses are proper subjects of cross-examination. State v. McNamara, 252 Iowa 19, 27, 104 N.W.2d 568, 573. Defendant was thus permitted to bring before the jury all matters bearing on Einfeldt's motive or prejudice, for their consideration in determining the credibility to be given.

Finding no error, the case is affirmed.—Affirmed.

All JUSTICES concur.